# Randolph v. Spruce Cabin Camp Association

*Norman C. Henss*, for plaintiffs.
*Robert G. Williamson*, for defendants.

THOMSON, *J.*, June 7, 1979—This matter was commenced by the filing of a complaint in equity by plaintiffs, Randolph and Price, against the corporate defendant, Spruce Cabin Camp Association, and the various above-named individual defendants, directors, and officers of the defendant corporation, alleging that plaintiff Randolph was illegally expelled from the said association. The com-

plaint concludes with a prayer, inter alia, that defendants be restrained from amending the corporate bylaws, or rules and regulations, be prevented from taking any action with respect to new membership rights, and from selling, mortgaging, leasing, or pledging the corporate real estate. This part of the prayer was made the subject of a stipulation of counsel, dated December 20, 1976, pending final hearing, and was subsequently approved by the court. The complaint thereafter was answered, a full hearing was held, and briefs submitted. The final resolution of the controversy is now before us.

Plaintiff Randolph purchased a club membership in 1937, and thereafter only ever hunted on the Association property once in 1938 or 1939, although he always kept his membership current by paying dues and assessments, except for 1952, where he submitted a resignation, which was later withdrawn. He had discussed the possibility of transferring membership to a friend, a Mr. Fred Kjar, in 1974, and had discussed the value of the property with other members who informed him there was "no real value to the land." In 1976, plaintiff Randolph received notice of a special meeting to discuss: "(1) inactive members, (2) delinquent members, (3) proposed new bylaws." At the meeting, a motion was made to expel plaintiff Randolph, allegedly because of inactivity. Thereafter, a certified check for $650 was tendered plaintiff Randolph for his membership, which check was returned.

The major issue, as we see it, with regard to plaintiff Randolph, is, of course, the propriety of his expulsion. Plaintiff Randolph contends that his expulsion violated the provisions of the Nonprofit

Corporation Law, 15 Pa.C.S.A. §7767, which provides:

"(a) *General rule.*—Membership in a nonprofit corporation shall be terminated in the manner provided in a bylaw adopted by the members. If the membership in any such corporation is limited to persons who are members in good standing in another corporation, or in any lodge, church, club, society, or other entity or organization, the bylaws shall in each case define such limitations, and may provide that failure on the part of any such member to keep himself in good standing in such other entity or organization shall be sufficient cause for expelling the member from the corporation requiring such eligibility.

"(b) *Expulsion.*—(1) No member shall be expelled from any nonprofit corporation without notice, trial and conviction, the form of which shall be prescribed by the bylaws. (2) Paragraph (1) of this subsection shall not apply to termination of membership pursuant to section 7545 of this title (relating to enforcement of payment of fees, dues and assessments)."

We must concur. We feel this section of the law requires basic due process proceeding, although not perhaps with all the formality which a day in court of record might entail. At any rate, the notice given Mr. Randolph was clearly deficient in that it did not inform him of any charge or basis to expel him, or that such action was contemplated, Secondly, the proceeding at which he was expelled cannot under any circumstances be construed as a "trial." Plaintiff utilizes the phrase "kangaroo court" in his brief. Perhaps this is too strong a

phrase, but suffice it to say that these due process provisions of the Nonprofit Corporation Law have not been met by the within proceeding.

Plaintiffs have enumerated in their brief the various grounds for expulsion specified in the corporate bylaws, art. II, sec. 6, and art. V., secs. 4, 6, and 11, and have stated that the corporation has not established that plaintiff Randolph was guilty of any of these infractions. While we concur, we do not foreclose the corporation from establishing the same after proper notice and trial in accordance with the law, as we will hereafter provide.

A different situation arises with respect to plaintiff Price. She has complained that defendant corporation has refused to transfer her deceased husband Porter R. Price's share of the corporation to her, pursuant to an apparently unprobated will of her husband. The transfer of such interest is governed by article V, sec. 9, of the bylaws of the association, which read as follows:

"Upon the resignation or death of any member of this Association, the value of his membership therein shall be paid to him or to his estate by the Association and the interest of said member thereupon revert to the Association provided, however, that the resigned or deceased member may name, by will or otherwise, any person to whom he desires his membership to be transferred, in which case, it shall be necessary for the members of the Association to approve of such person in the manner provided for the election of a new member, and such person shall not be entitled to any of the rights or privileges of a member unless and until such approval first be obtained."

Defendant argues that plaintiff Price's name has not been properly submitted to it for consideration. We must concur, and hold that this matter is not now properly before us for consideration. We cannot agree with plaintiff's contention that "approval" means something other than the process by which any member is accepted into the association—this, we feel, would be foreign to the spirit and intention of the bylaws, designed to keep a small, close-knit organization. Therefore, we rule that plaintiff Price must first properly submit an application for consideration as a member in accordance with sections 1 and 2 of article V of the bylaws.

The question has been posed as to the value of the membership interest of plaintiff Porter Price, under article V, sec. 9, if plaintiff Frances Price is not accepted as a member. Anticipatorily, we feel that we should deal with this contingency, and hold that we feel that the value of the membership as provided in this article is different than the value provided for an expelled or forfeited member under section 10 of the bylaws. This holding would give effect to a preference for the deceased member's nominee—if such nominee were rejected, the fair value of such membership would have to be paid to the nominee by the corporation.

There remains the matter of implementation of our decision. There is an obvious hostility of the parties. Testimony was presented as to the net worth of the real estate owned by the association, which is greatly in variance with the alleged remarks of certain members that the property had "no real value." Plaintiffs have asked for the dissolution of the corporation, and for a receiver pen-

dente lite. We think that this relief is too drastic, and not appropriate to the problem at hand. However, we do feel that the situation is one which could constantly be relitigated, to no good end other than increasing rancor of the parties, and causing the parties great inconvenience and expense. To avoid this situation, and in keeping with the prayer of plaintiffs for "such other relief as shall be deemed appropriate," the court shall appoint a trustee, who will have the duties and powers enumerated in the decree we issue herewith.

## DECREE NISI

And now, June 7, 1979, William J. Reaser, Jr., Esq. is appointed trustee by the court, with the following duties and powers:

1. If the membership of the association attempts to expel plaintiff Hampton C. Randolph, in accordance with its own bylaws, and with 15 Pa.C.S.A. §7767, to conduct a trial, and determine whether a conviction is appropriate. The association is directed to commence proceedings against plaintiff Randolph within 30 days, or be forever foreclosed from so doing, for causes arising prior to date of this order. Meanwhile, the previous expulsion of plaintiff Randolph is declared null and void, as prayed for.

2. If no membership certificate is issued to plaintiff Frances Price, after proper application, or if no application by plaintiff Frances Price is made by her within 30 days from date, to fix the fair market value of the share of the deceased Porter R. Price, and to further fix the value of the share of plaintiff Hampton C. Randolph, should plaintiff Randolph resign voluntarily from the association within 30 days of date.

3. To make a report of his findings and conclusions to the court.

Compensation of the trustee is to be at the rate of $25 per hour, plus mileage at the statutory rate of 12 cents per mile, plus all necessary and reasonable expenses, such compensation to be paid in equal shares by plaintiffs and defendants.

The stipulation of counsel dated December 20, 1976, and thereafter made an order of this court, is incorporated by reference hereby, and is hereby continued in full force and effect, pending futher order of the court.